```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LOVELYN PIERRE,
```

                      Plaintiff,

                                                                       **ORDER**

          -against-                                        CV 09-4503 (LDW)(ARL)

```
AN ENTITY HOLDING ITSELF OUT AS
ATLANTIC HYUNDAI, et al.,
```

                      Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' motion seeking to compel the plaintiff (1) to provide the defendants with a privilege log; (2) to provide documents pertaining to the mitigation of damages; (3) to provide authorizations for medical and pharmacy records from 2003; (4) to produce income tax returns from 2006 to the present; (5) to produce documents from social networking sites; and (6) to provide a computation of damages. The plaintiff opposes the motion arguing that the requests were intended to harass and make the litigation more difficult. For the reasons set forth below, the motion is granted, in part.

      Local Rule 26.2 requires any party asserting a privilege with respect to documents to provide a log setting forth (1) the type of document, (2) the subject matter of the document, (3) the date of the document, (4) and other information sufficient to identify the document, including the author, any recipients, and where not apparent, the relationship of the author to the recipients. The plaintiff's assessment that the log is not necessary given the fact that the privilege documents are e-mails between himself and his client is incorrect. The plaintiff must provide the defendant with a privilege log.

      With respect to the documents concerning the plaintiff's attempts to obtain work, the plaintiff is also directed to provide any responsive documents reflecting her job search in the car industry or anywhere else. The fact that her attempts have been unsuccessful does not relieve her of the obligation to provide this discovery. If the plaintiff does not have any documents, she must provide the defendants with a written response indicating that she has no documents. The plaintiff must also provide the defendants with authorizations for medical and pharmacy records. The plaintiff seeks damages for emotional distress and has therefore made her mental well-being an issue in this case. The court does believe, however, that the request is overly broad with respect to the time period. The plaintiff is therefore directed to provide the defendants with authorizations for her medical and pharmacy records from July 2007, the date she began her employment with the defendant, to date.

      Finally, the plaintiff must also provide the defendants with a computation of each

category of damages she claims. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). Counsel's recitation in his opposition papers is insufficient.

The plaintiff has agreed to provide the defendant with her tax returns so that portion of the motion is denied as moot. The defendant has not provided the court with adequate legal support for its request to compel all documents from all social networking web-sites to which the plaintiff is a member. Accordingly, that request is also denied.

The court will not consider any of the general requests that counsel for the plaintiff worked into the opposition papers. Counsel for the plaintiff may submit a letter application to the court pursuant to Local Rule 37.3 that sets forth the specific requests and responses to those requests that he believes were inadequate, along with legal support for the motion.

Dated: Central Islip, New York
October 12, 2010

**SO ORDERED:**

/s/
ARLENE ROSARIO LINDSAY
United States Magistrate Judge