UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LOVELYNE PIERRE,

                           Plaintiff,

                                                              **ORDER**
        -against-                                      CV 09-4503 (LDW)(ARL)

AN ENTITY HOLDING ITSELF OUT AS
ATLANTIC HYUNDAI, et al.,

                           Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' application, dated November 2, 2010 seeking permission to videotape the deposition of plaintiff at the courthouse and to permit the videographer, Jose Rivera of Precise Court Reporting Services, to bring his equipment into the courthouse. Plaintiff opposes the application and in response makes an application by letter dated November 4, 2010, to (i) preclude defendants from videotaping plaintiff's deposition; and in the alternative, (ii) require defendants to provide plaintiff with a copy of the videotaped deposition free of charge; (iii) preclude another witness, Percy Urrutia, from attending plaintiff's deposition; (iv) limit the time of plaintiff's deposition to no more than seven (7) hours; and (v) direct that all future depositions be held at the courthouse.

      As a preliminary matter, it is apparent from these applications that counsel for the respective parties have not reviewed the Federal Rules of Civil Procedure or the Local Rules of the court. To begin a dispute can be raised with the court only after counsel have conferred in good faith in an attempt to resolve the issue. Local Rule 37.3 and the undersigned's individual practices require attorneys for the affected parties to confer in good faith either in person or by telephone in an effort to resolve the dispute. Letter campaigns do not satisfy this obligation.

      Next, Fed. R. Civ. P. 30(b)(A) clearly provides that a party can record a deposition by audio, audiovisual, or stenographic means, therefore, defendants motion to videotape the deposition is granted. Fed. R. Civ. P. 30(f)(3) provides that a party or deponent may purchase a copy of the videotaped deposition from the videographer, plaintiff's request for a copy free of charge is denied. Local Civil Rule 30.4 permits a witness to attend the deposition of a party and plaintiff's discomfort does not present a sufficient basis to deviate from the general rule. Plaintiff's application to preclude Percy Urrutia from attending plaintiff's deposition is denied. Plaintiff's application to limit her deposition to seven (7) hours is denied as premature. *See* Fed. R. Civ. P. 30(d)(1). Finally, all depositions are to be conducted at a place and time convenient to the parties and witnesses. Counsel for both parties are advised that in the future, the court will not address an application in the absence of an express representation that the parties have

actually met and conferred with respect to any issue they may raise with the court.

Dated: Central Islip, New York  
November 10, 2010

**SO ORDERED:**

/s/
ARLENE ROSARIO LINDSAY
United States Magistrate Judge